Ginger A. Manning appeals the order of the Lorain County Common Pleas Court denying her petition for postconviction relief. This court affirms the trial court decision.
 I
Ms. Manning shot and killed her husband as he slept during the early morning hours of March 8, 1990. She was indicted for aggravated murder and was tried before a jury. Ms. Manning presented a defense of self-defense based upon the battered woman syndrome. Her expert witness was Dr. Lynn B. Rosewater, Ph.D., who testified that she believed that Ms. Manning was in fear of imminent bodily harm to either herself or her daughter at the time she shot her husband. Following a five-day trial, the jury returned a conviction on the lesser offense of murder.
Ms. Manning's trial counsel represented her upon direct appeal. This court considered eleven assignments of error in that appeal, after which it affirmed her conviction. State v.Manning (1991), 74 Ohio App.3d 19. On September 20, 1996, Ms. Manning filed a petition for postconviction relief pursuant to R.C. 2953.21. She asserted two grounds for relief: (1) that she was denied her right to effective assistance of counsel because counsel "failed to use a competent expert witness to testify that Manning suffered from the 'battered woman syndrome' "; and (2) that she was denied her rights to due process and a fair trial because (a) the state's expert witness failed to explain the connection between Ms. Manning's history of childhood abuse and the killing, (b) the state's expert misrepresented the battered woman syndrome when he testified, and (c) the trial court refused to give the jury an instruction on the lesser included offense of voluntary manslaughter. In support of her petition, Ms. Manning attached the affidavit of Dr. Jill Bley, a clinical psychologist who identified herself as an expert in the field of battered women. Dr. Bley reviewed the records of the Manning case, conducted an independent interview with Ms. Manning, and concluded that: (1) Ms. Manning had been severely emotionally and psychologically abused as a child and had been neglected; (2) Ms. Manning was sexually abused by multiple perpetrators at a very young age; (3) Ms. Manning's childhood history predicted "that she would suffer from childhood abuse syndrome, which includes Post-Traumatic Stress Disorder (PTSD)"; (4) Ms. Manning, in fact, suffered from PTSD and had all the symptoms of childhood abuse syndrome; (5) the evidence at trial did not adequately address the connection between Ms. Manning's childhood abuse, the relationship with her husband, and the magnifying impact of the combined levels of abuse; (6) Dr. Lynn Rosewater, Ms. Manning's expert witness at trial, did not take a childhood history of Ms. Manning and was unable to testify concerning the connections between childhood abuse, battering, and women who kill; (7) the state's expert failed to explain the impact of both levels of abuse; and (8) the jury "could not possibly arrive at an accurate assessment of her mental state without understanding the combined impact of both her childhood abuse and the years of battering by" her husband.
The trial court denied the petition for postconviction relief without a hearing, finding that Ms. Manning had failed to raise substantive grounds for relief. Ms. Manning filed a timely notice of appeal and asserts two assignments of error.
 II
Ms. Manning's first assignment of error is that the trial court violated her right to due process by denying her claim of ineffective assistance of trial counsel without a hearing. Ms. Manning specifically argues that her trial counsel's use of Dr. Rosewater to support her claim of self-defense, instead of a competent expert in the field of battered woman syndrome, constituted deficient performance.
 A
Petitions for postconviction relief are governed by R.C.2953.21, which provides:
 (A)(1) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
A prisoner is entitled to relief under the statute "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. A hearing is not automatically granted upon the filing of the petition. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting documentary evidence, and the files and records in the case. R.C.2953.21(C); State v. Jackson (1980), 64 Ohio St.2d 107, 110.
When a defendant is represented by the same counsel at trial and upon direct appeal, one of the claims that he may later raise in a petition for postconviction relief is ineffective assistance of trial counsel. State v. Lentz (1994), 70 Ohio St.3d 527,529-530. In order to prevail on a claim of ineffective assistance of counsel, a defendant must meet the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 693. The defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. State v. Reynolds
(1998), 80 Ohio St.3d 670, 674, citing Strickland, supra.
In order to meet the first prong of the Strickland test, a defendant "must show counsel's conduct was objectively deficient by producing evidence that counsel acted unreasonably." State v. Sallie (1998), 81 Ohio St.3d 673, 674. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy. Strickland, 466 U.S. at 689,80 L.Ed.2d at 694-695; State v. Thompson (1987), 33 Ohio St.3d 1, 10. The court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690,80 L.Ed.2d at 695.
In order to meet the second prong of the Strickland test, a defendant must prove that, but for counsel's errors, there exists a reasonable probability the result of the trial would be different. Id., 466 U.S. at 694, 80 L.Ed.2d at 698. Reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.
 B
Ms. Manning has failed to meet either prong of theStrickland test. A determination as to the qualifications of an expert witness is within the sound discretion of the trial court. State v. Awkal (1996), 76 Ohio St.3d 324, 331. In this case, the trial court found that Dr. Rosewater was qualified as an expert in battered woman syndrome. This court cannot dispute that finding merely on the basis of contentions that another expert would have supplied more reasons to explain why Ms. Manning acted as she did when she killed her husband. This court is also unable to conclude that counsel's decision to focus Ms. Manning's defense on the battered woman syndrome, without delving at length into her childhood experiences, was not sound trial strategy. "[T]he end result of tactical trial decisions need not be positive in order for counsel to be considered 'effective.' " Id. at 337.
The cases on which Ms. Manning relies in this appeal differ materially from Ms. Manning's situation in that each involved a failure by counsel to present any expert witnesses in the penalty phase of a capital murder trial. In Wade v. Calderon
(C.A.9, 1994), 29 F.3d 1312, 1317-18, the United States Ninth Circuit Court of Appeals reviewed the issues of expert testimony and psychological defenses and held that counsel's failure to present a battered child syndrome defense instead of a multiple personality disorder defense did not constitute ineffective assistance of counsel. The Ninth Circuit determined that there was no reason to conclude that the jury would have been more favorably impressed by the battered child syndrome defense than by the multiple personality disorder defense. Id.
at 1318. The court also concluded that counsel was not ineffective in calling a mental health expert to the stand who testified, contrary to the defense theory, that the defendant did not suffer from multiple personality disorder because the expert's testimony was generally favorable to the defendant.Id. The court did, however, find that counsel was ineffective in presenting no evidence of abuse in the penalty phase of the trial. Id. at 1323-1327. See, also, Glenn v. Tate (C.A.6, 1995), 71 F.3d 1204 (petitioner denied effective assistance of counsel when counsel presented no expert testimony regarding defendant's global brain damage in the penalty phase of trial);Jackson v. Herring (C.A.11, 1995), 42 F.3d 1350, 1369
(defendant denied effective assistance when counsel presented no mitigation evidence in penalty phase, despite defendant's abusive upbringing, good character in family relationships, and employment history); Kenley v. Armontrout (C.A.8, 1991),937 F.2d 1298 (unreasonable to present no mitigating evidence in penalty phase when evidence of medically significant disorders was available).
The jury in Ms. Manning's case was presented with expert defense testimony of battered woman syndrome. This evidence contradicted the state's theory of why she killed her husband. This court cannot conclude that Ms. Manning's defense was not the product of sound trial strategy or that defendant was prejudiced by counsel's strategy. Ms. Manning's argument that her defense should have been more comprehensive does not constitute substantive grounds for relief; therefore, the trial court was not required to hold a hearing or to grant her petition. Ms. Manning's first assignment of error is overruled.
 III
Ms. Manning's second assignment of error is that she was denied her rights to due process and a fair trial by the combined effect of: (1) the failure of the state's expert witness to explain the connection between her history of childhood abuse and her state of mind, even though he knew that she had been abused as a child; (2) the state expert's misrepresentation of the battered woman syndrome; and (3) the trial court's refusal to give the jury an instruction on the lesser included offense of voluntary manslaughter.
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasissic.) State v. Reynolds (1997), 79 Ohio St.3d 158, 161, quotingState v. Perry, 10 Ohio St.2d 175, paragraph nine of the syllabus. It is only when a claim is based upon evidence which could not have been presented in the original proceedings and thus is dehors the record, that the claim may not be barred byres judicata. State v. Cole (1982), 2 Ohio St.3d 112, 114.
To the extent that Ms. Manning's arguments about the state's expert raise cognizable issues, those issues could have been raised upon direct appeal to this court. An affidavit executed by a new defense expert six years after trial, which disputes the opinion of the state's trial expert, does not metamorphose an issue that could have been raised on direct appeal into evidence that could not have been presented in that appeal. As to Ms. Manning's claim that the trial court should have instructed the jury on voluntary manslaughter, that issue was addressed by this court in her direct appeal. See State v.Manning, 74 Ohio App.3d at 30-31. Accordingly, all of the claims made in the second assignment of error are barred by the doctrine of res judicata. Ms. Manning's second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
Exceptions.
 -------------------- WILLIAM R. BAIRD FOR THE COURT
SLABY, P. J., CACIOPPO, J., CONCUR